In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-21-00268-CV

IN RE GERMAN PELLETS TEXAS, LLC

Original Proceeding
60th District Court of Jefferson County, Texas
Trial Cause Nos. B-200,859 & E-203,640

## MEMORANDUM OPINION

Relator, German Pellets Texas, LLC, seeks mandamus relief from an order requiring production of documents and communications between counsel for Relator and a deponent, Bryan Gaston, shared during the process of preparing Gaston for his deposition. Relator argues the attorney-client privilege applies to the documents and communications because Gaston served as a client representative. *See* Tex. R. Evid. 503(a)(2)(B). Relator further argues the trial court abused its discretion by denying use of the attorney-client privilege despite evidence that Gaston and the attorney created an independent attorney-client relationship. Finally, Relator contends it lacks

an adequate remedy by appeal. After examining the petition, the response of the Real Parties in Interest, Relator's reply, and the records submitted by the parties, we conditionally grant mandamus relief in part.

This discovery dispute arises out of two consolidated suits filed by the Real Parties in Interest,[1] residents who reside in Port Arthur, Texas, and who allege that in 2017 they suffered personal injuries and property damage from a months-long fire that occurred in a silo (the Silo Fire) at the German Pellets' Port Arthur facility. German Pellets was already in a Chapter 11 Bankruptcy restructuring when the Silo Fire occurred. The person with management authority for German Pellets during the bankruptcy proceedings was a court-appointed Chief Restructuring Officer ("CRO"), Bryan Gaston. Gaston coordinated German Pellets' accident response until the bankruptcy court terminated the appointment on November 27, 2017.

In March 2021, the Real Parties issued a deposition notice with subpoena duces tecum to take the deposition of Gaston. The Real Parties requested Gaston to produce "[a]ny notes, diaries, correspondence, and documents related to the 2017 Silo Fire, including but not limited to its cause, suppression efforts, duration, and effects." After Gaston appeared for the deposition but did not produce the

---

[1] Plaintiff's Fourth Amended Original Petition identifies the plaintiffs as Hilton Kelley and 473 additional people. For brevity, we refer to them collectively as "the Real Parties" or "Kelley" and without listing each person's name in this opinion.

documents, Kelley filed a motion to compel production of the withheld documents and to extend Gaston's deposition time. German Pellets filed a motion for a protective order as to communications between Gaston and other German Pellets representatives and Gaston and German Pellets' legal counsel at the time of the incident and as to present-day communications between Gaston and, his personal counsel, and German Pellets' legal counsel. *See* Tex. R. Civ. P. 192.6. Additionally, German Pellets claimed it had a work product privilege for any communications between its counsel and Gaston, as its client representative, made in anticipation of litigation or for trial. *See* Tex. R. Civ. P. 192.5(a)(2).

In an affidavit submitted in support of German Pellets' motion for protection, Gaston states that German Pellets' counsel "is my attorney on behalf of the Debtor . . . as the former CRO for the Debtors and as it related to any matter, interpreted broadly, that is the subject of this lawsuit[.]" Gaston further states that he wishes to continue the legal representation throughout the course of the lawsuit. In addition to Gaston's affidavit, German Pellets submitted its lawyer's declaration that on February 9, 2021, he advised Gaston that he was prepared to represent Gaston in the case and defend him in his deposition, that Gaston agreed to have the firm represent him in his capacity as Chief Restructuring Officer for German Pellets, and that his communications and information shared with Gaston commencing February 9, 2021, were confidential communications in furtherance of legal services.

The trial court held a hearing on the motions. Kelley conceded that Gaston was German Pellets' client representative while acting as CRO but argued the communications between Gaston and German Pellets or its counsel were not privileged under Rule 503 because Gaston, after his appointment expired, was no longer acting in the scope of his employment by Germen Pellets. *See* Tex. R. Evid. 503(a)(2)(B) (a "client representative" is a person who "to facilitate the rendition of professional legal services to the client, makes or receives a confidential communication while acting in the scope of employment for the client."). Because Gaston was no longer employed on behalf of German Pellets in 2021, Kelley argued the recent communications between Gaston and the lawyer were not privileged under Rule 503. Kelley further argued that the work product privilege did not apply for the same reason. *See* Tex. R. Civ. P. 192.5(a)(2) ("Work product" includes "a communication made in anticipation of litigation or for trial between a party and the party's representatives[.]"). Kelley argued German Pellets' counsel was not acting as Gaston's attorney for purposes of the deposition. Kelley argued that the lack of an attorney-client relationship was evident because Gaston brought his own lawyer to the deposition and when asked in his deposition Gaston flatly denied that German Pellets' counsel was his personal legal representative.

German Pellets argued the attorney-client and work product privileges apply to communications between German Pellets' counsel and Gaston as a former

4

corporate representative after they confirmed an attorney-client relationship. German Pellets argued Kelley had not established a need for a communication made in anticipation of litigation, and that all of Gaston's communications with counsel in connection with any decision he made in undertaking a response to the Silo Fire were protected because the privilege was German Pellets' to assert.

On July 1, 2021, the trial court extended Gaston's deposition by three hours and ordered counsel for German Pellets to produce "all documents, communications, and emails" (1) sent between counsel and Gaston in preparation for Gaston's April 15, 2021 deposition and (2) "otherwise exchanged from September 2017 to the present date."

Mandamus relief is available when a trial court commits a clear abuse of discretion for which the Relator lacks an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). "This occurs when the trial court erroneously orders the disclosure of privileged information which will materially affect the rights of the aggrieved party, such as documents covered by the attorney-client privilege[.]" *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding). But with respect to the resolution of factual issues, the reviewing court may not substitute its judgment for that of the trial court, and the relator must establish that the trial court could reasonably have reached only one decision. *Id.* at 839-40.

A trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is unsettled. *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding). "A trial court also abuses its discretion when a decision is contrary to the only permissible view of the evidence." *In re Texan Millwork*, No. 20-0662, 2021 WL 4483506, at *3 (Tex. Oct. 1, 2021) (orig. proceeding). But deference must be afforded to the trial court's determination of disputed fact issues. *Id.* at *4.

Here, the trial court resolved conflicting evidence concerning the formation of an attorney-client relationship between Gaston and the attorney for German Pellets in 2021, with respect to whether German Pellets' attorney represented Gaston in the deposition. For example, Gaston testified during his oral deposition that the German Pellets' attorney was not acting as Gaston's attorney, whereas in Gaston's affidavit Gaston stated the German Pellets' attorney was acting as an attorney for Gaston. We defer to the trial court's determination of that disputed issue. *See id.*

That said, German Pellets also argues that Texas Rule of Evidence 503 extends to present communications with a past client representative. Rule 503 provides, in part:

(a) Definitions. In this rule:

(1) A "client" is a person, public officer, or corporation, association, or other organization or entity–whether public or private–that:

6

(A) is rendered professional legal services by a lawyer; or

(B) consults a lawyer with a view to obtaining professional legal services from the lawyer.

(2) A "client's representative" is:
(A) a person who has authority to obtain professional legal services for the client or to act for the client on the legal advice rendered; or

(B) any other person who, to facilitate the rendition of professional legal services to the client, makes or receives a confidential communication while acting in the scope of employment for the client.

. . . .

(b) Rules of Privilege.

(1) General Rule. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made to facilitate the rendition of professional legal services to the client:

(A) between the client or the client's representative and the client's lawyer or the lawyer's representative;

(B) between the client's lawyer and the lawyer's representative;

(C) by the client, the client's representative, the client's lawyer, or the lawyer's representative to a lawyer representing another party in a pending action or that lawyer's representative, if the communications concern a matter of common interest in the pending action[.]

Tex. R. Evid. 503(a)(1), (b)(1).

We apply the same rules of construction that govern the interpretation of statutes in construing procedural rules. *Texan Millwork*, 2021 WL 4483506, at *3. The use of the present tense in Rule 503 indicates that a person's status as a client representative is determined at the time of the communication. Based on the record before us, we cannot say that the trial court abused its discretion in concluding that in 2021 Gaston was no longer a client representative of German Pellets, so communications between German Pellets' lawyer and Gaston in 2021 would not be protected under the attorney-client privilege. But communications and documents containing communications between German Pellets' counsel and Gaston while Gaston was CRO were and continue to be privileged by virtue of his status as a client representative. Confidential attorney-client communications made to facilitate legal services are generally insulated. While it is true that the privilege may be waived if the lawyer or client voluntarily discloses the privileged communications to a third party, if Gaston is the person with whom counsel communicated while he was CRO, he is not a third party for purposes of waiving the privilege. *See generally In re XL Specialty Ins. Co.*, 373 S.W.3d 46, 50 (Tex. 2012) (orig. proceeding).

In our record, Kelley has not requested a privilege log and the documents have not been produced for an in-camera inspection. It is undisputed that Gaston was a client representative until November 17, 2017. There could be documents that were created while Gaston was a client representative and that were privileged when they

8

were created. If communications between counsel for German Pellets and Gaston were privileged, counsel would not have waived the privilege by showing them to Gaston in 2021.

We conclude that the trial court abused its discretion by compelling production of all communications between Gaston and German Pellets' attorney from September 2017 to the present. We are confident that the trial court will vacate that part of its order of July 1, 2021, that compelled production of documents, and that the trial court will conduct an in-camera review of any claimed attorney-client and work product documents before requiring their production. A writ of mandamus will issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED IN PART.

PER CURIAM

Submitted on September 20, 2021
Opinion Delivered November 24, 2021

Before Golemon, C.J., Horton and Johnson, JJ.